IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**WILLIE LEE MOSLEY,**

    Petitioner,

v.
                                       **CIVIL ACTION NO. 3:09-CV-06**
                                       **CRIMINAL ACTION NO. 3:07-CR-44**
                                       **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

I.    Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull. By Local Rule, this action was referred to Magistrate Judge Kaull for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Kaull filed his R & R on July 2, 2010 [Cr. Doc. 81 / Civ. Doc. 3]. In that filing, the magistrate judge recommended that this Court dismiss the § 2255 petition [Cr. Doc. 65 / Civ. Doc. 1].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v.**

1

***Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R & R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). This Court granted 30-day extensions on two separate occasions, the last of which made the petitioner's objections due on October 4, 2010 [Cr. Doc. 87]. On October 7, 2010, this Court reviewed the magistrate judge's R&R for clear error, as the petitioner had still filed no objections. This Court found no clear error and adopted the magistrate judge's R&R. As a result, this Court denied the § 2255 petition and dismissed the petitioner's civil action from the Court's active docket [Cr. Doc. 89 / Civ. Doc. 5].

On October 14, 2010, the petitioner filed a Motion to Alter or Amend Judgment [Cr. Doc. 91], pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. In his motion, the petitioner requested that the Court reopen his case, allow him the opportunity to file his objections, and again consider his § 2255 petition. This Court granted the motion on October 19, 2010 [Cr. Doc. 92], which reopened the case and permitted the petitioner an additional fourteen (14) days to file his Objections to the R&R.

On November 29, 2010, the petitioner again moved for an extension to file his Objections [Cr. Doc. 94]. This Court once more granted an extension on December 3, 2010 [Cr. Doc. 95], permitting the petitioner an additional fourteen (14) days to file his Objections to the R&R. In so doing, "<u>[t]his Court note[d] that it ha[d] granted the petitioner several extensions in the past. As such, it caution[ed] the petitioner that it w[ould] not entertain any future motions of this nature</u>." (Id. at 3).

Failing to heed this Court's warning, the petitioner filed a Motion for Leave to

2

Supplement Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [Doc. 97] on December 16, 2010, requesting leave to supplement his ineffective assistance of counsel ground in support of his § 2255 petition. Nevertheless, this Court hereby **GRANTS** the motion **[Cr. Doc. 97]** and deems the § 2255 petition already **SUPPLEMENTED**.

II. Factual and Procedural History

    A. Indictment through Direct Appeal

On May 15, 2007, the petitioner was charged with, *inter alia*, the distribution of 2.34 grams of heroin, in exchange for $200.00, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) [Cr. Doc. 1]. Instead of proceeding to a January 15, 2008, trial, the petitioner signed a plea agreement on January 2, 2008 [Cr. Doc. 33]. In that plea agreement, the petitioner waived his rights to appeal or collaterally attack his sentence. (Id. at ¶ 10). That waiver states as follows:

> Defendant is aware that [18 U.S.C. § 3742] affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in [18 U.S.C. § 3742]. **Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under [28 U.S.C. § 2255] (habeas corpus).** The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, Defendant's waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4(b)(1)(A)(ii) of the Federal Rules of Appellate Procedure.

(Id.) (emphasis added).

On January 4, 2008, the petitioner entered his plea in open court [Cr. Docs. 35, 36, & 57]. At his plea hearing, Magistrate Judge David J. Joel verified that the petitioner understood he was giving up the majority of his appellate rights and the detailed those rights, noting specifically the right to file a habeas corpus petition challenging the legal validity of his sentence. ([Cr. Doc. 57] at 12-13). Both the petitioner and his attorney stated that the petitioner understood the consequences of his guilty plea. (Id.). Next, the petitioner stated that he had reviewed the plea agreement in detail with his attorney before he signed it. (Id. at 13). Finally, the petitioner stated that the plea agreement represented the full and complete agreement between the parties. (Id.).

At his April 2, 2008, sentencing, the petitioner stated that he had received the presentence investigation report ("PSR") and had reviewed it with his attorney. ([Cr. Doc. 55] at 4). Moreover, the petitioner, through his attorney, raised four objections to the PSR. (Id. at 4-8). After overruling two of the petitioner's objections and mooting the remaining two, this Court adopted the PSR. (Id. at 8). In his allocution, the petitioner stated that his attorney had done an "outstanding job" throughout the matter. (Id. at 18). This Court then sentenced the petitioner to 151 months of imprisonment, stating that in deciding the sentence it had considered all relevant information under 18 U.S.C. § 3553 and the sentencing guidelines. (Id. at 22-26). For example, this Court applied a three-level decrease to the petitioner's offense level as recommended by the Government. (Id.). In addition, this Court considered the petitioner's drug rehabilitation and prior criminal history in imposing an appropriate sentence. (Id. at 24-25). Finally, when asked whether he

4

wished to have the clerk file a notice of appeal on his behalf, the petitioner agreed. (Id. at 27). The Court then directed the clerk to prepare and file a notice of appeal on the petitioner's behalf. (Id.) The United States Court of Appeals for the Fourth Circuit dismissed the appeal on September 12, 2008 [Cr. Docs. 58 & 59].

### B. Federal Habeas Corpus Petition

On January 26, 2009, the petitioner filed the instant § 2255 petition, stating the following four grounds: (1) his counsel was ineffective in reference to his plea of guilty; (2) he was denied right to counsel by the U.S. Probation Officer during his PSR interview; (3) this Court failed to comply with 18 U.S.C. § 3553(a) guidelines, depriving him of a fair sentence; and (4) this Court failed to verify that he and his counsel had read the PSR and discussed it, as required by Rule 32(i)(1)(A) of the Federal Rules of Criminal Procedure.

In response, the Government argues that the petitioner knowingly and voluntarily waived his right to bring a § 2255 claim. Alternatively, the Government argues that the record does not support any of the petitioner's four grounds for relief. The petitioner replies that his waiver of his right to collaterally attack his sentence is invalid because the Court informed him at sentencing that he had a right to appeal, thus superseding the waiver.

On July 2, 2010, Magistrate Judge Kaull filed his R&R [Doc. 81], recommending that this Court deny the petition. In the R&R, the magistrate judge first determined that the petitioner had knowingly and voluntarily waived his right to bring a § 2255 claim. Alternatively, the magistrate determined that the petitioner's claims fail even on their merits. First, the magistrate judge rejected the petitioner's claim of ineffective assistance of counsel in reference to his plea of guilty. Specifically, the magistrate judge found that the record

5

failed to support the petitioner's claims that his counsel rushed him to sign the plea agreement, that his counsel failed to review or discuss the plea agreement with him, and that his counsel advised him to answer affirmatively to every question asked at his plea hearing. Second, the magistrate judge rejected the petitioner's claim that he was denied his right to counsel during his PSR interview, finding that the petitioner failed to request that his attorney be present. Third, the magistrate judge rejected the petitioner's claim that his sentence is unfair because the Court failed to consider his drug addiction and his cooperation with law enforcement. The magistrate judge found that the sentencing transcript clearly reflected that the Court had considered both factors. Finally, the magistrate judge rejected the petitioner's claim that the Court failed to verify the petitioner's understanding of the PSR. Again, the magistrate judge noted that the sentencing transcript specifically contradicted the petitioner's claim.

On August 16, 2010, the petitioner supplemented his § 2255 petition with two additional grounds for ineffective assistance of counsel, namely that counsel was ineffective by: (1) threatening the petitioner that he would withdraw unless the petitioner pled guilty and (2) failing to notify the magistrate judge at the plea hearing that the petitioner was unable to control his mental faculties because the petitioner "was recovering from a 20 year herion [sic] binge and addiction at the time he agreed to, and actually entered his plea of guilty . . .." ([Cr. Doc. 97] at 19).

III. Discussion

    **A.    Original Claims**

In his Motion for Leave, the petitioner states that "[u]pon receiving a copy of the

[R&R] on July 8, 2010, [he] immediately sought and obtained the assistance of an individual who possesses a juris doctorate degree to aid him in the research and preparation of a response to the [R&R]." ([Cr. Doc. 97] at 3-4). "That individual familiarized himself with [the petitioner's] situation, researched all relevant case law, and came to the conclusion that, he could not ethically assist [the petitioner] in the preparation of a response to the [R&R] that advanced **non-meritorious issues** . . .." (Id. at 4) (emphasis added). Based upon these statements, this Court must conclude that the petitioner does not object to the R&R to the extent that the magistrate judge recommends dismissal of his original claims. Accordingly this Court will review the magistrate judge's R&R for clear error.

Upon careful review of the R&R, this Court finds no clear error. Accordingly, for the reasons stated therein, the same should be **ADOPTED**.

### B. Supplemental Claims

Next, this Court will consider the merits of the two supplemental ineffective assistance of counsel claims. For the reasons that follow, however, this Court will **DENY** the § 2255 petition, as supplemented.

#### 1. Threat to Withdraw

First, the petitioner claims that his counsel was ineffective by threatening the petitioner that he would withdraw unless the petitioner pled guilty. This Court is unpersuaded.

At his plea hearing, the petitioner stated that no one had attempted to force or threaten him to plead guilty. ([Cr. Doc. 57] at 23-24). Instead, the petitioner stated that he

7

was pleading guilty of his own free will because he is guilty of the charge. (Id. at 24). Moreover, the petitioner stated that he thought counsel did a good job representing him and that there was nothing he thought counsel did wrong regarding his representation. (Id. at 24-25). The petitioner then stated that he was, in fact, guilty of the crime to which he pled. (Id. at 25).

For these reasons, this Court finds first that the record fails to establish that the petitioner's counsel threatened him to induce his plea of guilty. This Court instead finds that the petitioner entered a plea of guilty by his own free will. Accordingly, the petitioner has failed to establish an ineffective assistance of counsel claim based upon a threat by his counsel to withdraw unless he pled guilty.

### 2. Influence of Heroin

Second, the petitioner claims that his counsel was ineffective by failing to notify the magistrate judge at the plea hearing that the petitioner was unable to control his mental faculties because the petitioner "was recovering from a 20 year herion [sic] binge and addiction at the time he agreed to, and actually entered his plea of guilty . . .." ([Cr. Doc. 97] at 19). This Court is unpersuaded.

A review of the docket reveals that the petitioner was taken into custody on October 31, 2007, when Magistrate Judge Joel revoked the petitioner's previously granted personal recognizance bond. Therefore, when the petitioner signed the plea agreement on January 2, 2008, and attended his change of plea hearing on January 4, 2008, the petitioner had been in custody for approximately two months, free from heroin use. Moreover, at his plea hearing, the petitioner stated that he had taken no medicine, drugs, or alcohol within the

8

previous 24 hours. ([Cr. Doc. 57] at 3). Finally, the petitioner indicated several times that he understood the proceedings. For example, the petitioner stated that he understood that he was under oath and must tell the truth. (Id. at 4). The petitioner stated that he understood that the magistrate judge could only conduct the hearing because the petitioner had waived a district judge. (Id. at 6). The petitioner stated that he understood that he should listen carefully to the Government's reading of the plea agreement. (Id.). The petitioner stated that he understood that the terms of the plea agreement were merely recommendations to the Court and that the Court could reject those recommendations without permitting him to withdraw his guilty plea. (Id. at 13). The petitioner stated that he understood that under the terms of the plea agreement he was giving up the majority of his rights to appeal, including any collateral attack, in exchange for concessions by the Government. (Id. at 13-14). The petitioner stated that he understood that under the terms of the plea agreement he waived his right to request DNA testing from any evidence in his case. (Id. at 14).

For these reasons, this Court finds that the record fails to establish that the defendant was unable to control his mental faculties at the time he entered his plea of guilty. Instead, this Court finds that the petitioner knowingly and intelligently pled guilty to the crime charged. Accordingly, the petitioner has failed to establish an ineffective assistance of counsel claim based upon counsel's failure to inform the magistrate judge of the petitioner's extensive drug history and addiction.

IV. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court

that the magistrate judge's Report and Recommendation **[Cr. Doc. 81 / Civ. Doc. 3]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. In addition, this Court hereby **GRANTS** the petitioner's Motion for Leave **[Cr. Doc. 97]** and deems his § 2255 petition already **SUPPLEMENTED**.

Accordingly, the petitioner's § 2255 petition **[Cr. Doc. 65 / Civ. Doc. 1]**, as supplemented **[Cr. Doc. 97]**, is hereby **DENIED** for the same reasons stated above. As such, this case is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court. Finally, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** March 18, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE