# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**WILLIE LEE MOSLEY,**

    Petitioner,

v.                                  CRIMINAL ACTION NO.: 3:07-CR-44
                                     CIVIL ACTION NO.: 3:16-CV-94
                                     (BAILEY)

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER LIFTING STAY AND DISMISSING 28 U.S.C. § 2255 PETITION

Pending before this Court is the Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 117].[1] The petitioner, through Assistant Federal Public Defender Nicholas J. Compton, argues that this Court should vacate his sentence of imprisonment and resentence him in light of recent decisions issued by the Supreme Court of the United States[2] and the United States Court of Appeals for the Fourth Circuit.[3] Recent Supreme Court case law has established that the petitioner is not entitled to the requested relief.

On April 2, 2008, this Court sentenced the petitioner to a term of 151 months' imprisonment following a plea of guilty to Count One of the Indictment, charging him with distributing heroin. In calculating the petitioner's advisory guideline sentencing range, the petitioner contends that both of his prior convictions constituted a "crime of violence" under

---

[1] All references to CM/ECF docket numbers refer to the Criminal Action Number.

[2] ***Johnson v. United States***, 135 S. Ct. 2251 (2015); ***Welch v. United States***, 136 S. Ct. 1257 (2016).

[3] ***In re Hubbard***, No. 15-276, 2016 WL 3181417 (4th Cir. June 8, 2016).

the United States Sentencing Guidelines ("USSG") career offender enhancement. Accordingly, the petitioner was designated as a career offender under USSG § 4B1.1. Pursuant to the career offender designation, the petitioner's base offense level of 24 was increased to a level 32. After a three-level reduction for acceptance of responsibility, the petitioner's total offense level was 29. With a criminal history category of VI, the Guidelines provided a sentencing range of 151 to 188 months. This Court imposed a sentence of 151 months' imprisonment.

The petitioner argues that the predicate convictions that resulted in his designation as a career offender were classified as crimes of violence based on the "residual clause" of the career offender enhancement. The petitioner contends that the residual clause has since been found to be unconstitutionally vague, and he asks this Court to vacate his sentence and to resentence him without the career offender enhancement.

Subsequent to the petitioner's sentencing, the Supreme Court issued its decision in **Johnson v. United States**, 135 S. Ct. 2551 (2015), holding that the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague.[4] Subsequently, in **Welch v. United States**, 136 S. Ct. 1257 (2016), the Supreme Court held that **Johnson** announced a substantive rule that applies retroactively on collateral review. And recently, in **In re Hubbard**, No. 15-276, 2016 WL 3181417 (4th Cir. June 8, 2016), the United States Court of Appeals for the Fourth Circuit discussed the applicability of the **Johnson** holding to the

---

[4] The residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) defines a "violent felony" as including any crime punishable by imprisonment for a term exceeding one year that "involves conduct that presents a serious potential risk of physical injury to another."

career offender provision.[5]  Here, the petitioner asserts that the holdings in **Johnson**, **Welch** and **In re Hubbard** have rendered his sentence of imprisonment unlawful, necessitating a prompt resentencing.

The Fourth Circuit, however, left open the question of whether, under **Johnson**, the definition of "crime of violence" in the Sentencing Guidelines is unconstitutionally vague. See **Hubbard**, 2016 WL 3181417, at *4.  This Court thus stayed this matter pending guidance from the Supreme Court.  This week, the Supreme Court of the United States held that "the Guidelines are *not* subject to a vagueness challenge under the Due Process Clause."  **Beckles v. United States**, 580 U.S. ___, No. 15-8544, Slip op. at 5 (Mar. 6, 2017)(Thomas, J.)(emphasis added).

Accordingly, upon review of the aforementioned, and in light of **Beckles**, this Court **ORDERS** that the stay be **LIFTED**, the Petition **[Crim. Doc. 117 / Civ. Doc. 1]** be **DENIED**, and this matter be **DISMISSED WITH PREJUDICE**.  This matter is further **ORDERED STRICKEN** from the active docket of this Court.

As a final matter, it is **ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as the petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); **Miller-El v. Cockrell**, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists

---

[5] United States Sentencing Guidelines § 4B1.2(a)(2), which defines the term "crime of violence" as that term is used in the career offender provision, included a residual clause virtually identical to the clause that the Supreme Court deemed unconstitutionally vague in **Johnson**.

would find the district court's assessment of the constitutional claims debatable or wrong (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** March 9, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE